Davis *v.* Millett.

---

## DAVIS *versus* MILLETT AND WIFE.

Neither the common law or any enactment authorizes an action on contract to be maintained against husband and wife jointly.

ON EXCEPTIONS from the *District Court,* EMERY, J.

Assumpsit, for the price of a cooking-stove.

It was admitted at the trial that the defendants were husband and wife, whereupon the Judge ordered a non-suit, and the plaintiff excepted.

Appleton, J. — This is an action of assumpsit, for a cooking stove, sold the defendants, who, it is conceded, were husband and wife. The sale, as it appears from the allegations in the writ, was made to them jointly. Whether, however, it was made to the wife alone, or to the husband and wife jointly, is immaterial, since the result must in either case be the same.

As a general rule, the wife, by the principles of the common law, cannot, during coverture, enter into any contracts, by which she can bind her own estate or that of her husband. 2 Bright, Husband & Wife, 5. Neither can she jointly contract with him. When acting as his agent, she may bind his estate but not her own. While such is conceded to be the doctrine of the common law, it is insisted that its provisions have been so modified by recent statutes as to allow the maintenance of this suit.

The common law remains in full and unimpaired vigor, unless it is changed by legislative enactment. The statute of 1848, c. 73, upon which the counsel for the plaintiff relies, is entitled " an Act in addition to an Act to secure to married women their rights in property." The Act referred to, and the preceding Acts on the same subject, do not authorize a married woman to enter generally into contracts in her own behalf. Neither do they empower her to become a joint contractor with her husband. New rights are given, new powers are conferred upon her, but they are limited to those necessary for the protection of her private estate. She is " entitled to the appropriate remedies as authorized by law in other cases to enforce and protect her rights thereto ; and she may commence, prosecute or defend any suit in law or equity, to final judgment and execution in her own name, in the same manner as if she were unmarried ; or she may prosecute and defend

such suits jointly with her husband." The right to commence suits, or to defend against those commenced, and the liabilities resulting therefrom must be restricted to the general objects of the Act, and cannot be enlarged or extended without doing violence to the natural import of the language used, or to the intention of the Legislature, as expressed in such language.

The contract set forth in the declaration is a joint contract. The wife cannot, by the common law or by any statute of this State, become a party to a contract of purchase jointly with her husband. Nor has she the general power so to contract as to bind the estate of her husband without his authority.

SHEPLEY, C. J., and TENNEY, WELLS and HOWARD, J. J., concurred.

*Exceptions overruled. Nonsuit confirmed.*

*Bartlett,* for the plaintiff.

*Gerry,* for the defendant.